UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL MEYERS AS SUBSTITUTE TRUSTEE FOR U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018-CTT <br>     Plaintiff <br> v. <br> RICKEY J. REED, CARLA M. REED, THE INTERNAL REVENUE SERVICE, AMERICAN EXPRESS NATIONAL BANK AND WESTHOLLOW PROPERTY OWNERS ASSOCIATION, INC. <br>     Defendants | § § § § § § § § § § § § § § § | CASE NO. 4:23-cv-00135 |

## UNITED STATES' (IRS) ANSWER & COUNTERCLAIM

Defendant and true party in interest--the United States on behalf of its agency, the Internal Revenue Service (IRS)--answers Carl Meyers as Substitute Trustee for U.S. Bank National Association, Not In Its Individual Capacity But Solely As Trustee For The RMAC Trust, Series 2018-CTT ("Plaintiff") "Petition in Interpleader"("Complaint") removed to this U.S. District Court as follows:

### DEFENSE

The IRS is not a suable entity; instead it is an agency of the United States, the proper party defendant in this action. *Castleberry v. Alcohol, Tobacco & Firearms Div. of the Treasury Dept.*, 530 F.2d 672, 673 (5th Cir. 1976). To maintain jurisdiction, Plaintiff should amend its Complaint accordingly.

### ANSWER

1. Admits paragraph 1 of the Complaint.

2. Denies paragraph 2 of the Complaint.

1

3. Admits paragraph 3 of the Complaint.

4. Denies paragraph 4 of the Complaint. Plaintiff, having foreclosed and sold the Reed Defendants' home at 13815 Birch Hollow, Houston, Texas 77082, on June 7, 2022, cannot credibly assert that service may be had on Rickey Reed at that location when Plaintiff's Complaint was not even filed until November 29, 2022--long after the Reed Defendants had lost their home in foreclosure.

5. Denies paragraph 5 of the Complaint. Plaintiff, having foreclosed and sold the Reed Defendants' home at 13815 Birch Hollow, Houston, Texas 77082, on June 7, 2022, cannot credibly assert that service may be had on Carla Reed at that location when Plaintiff's Complaint was not even filed until November 29, 2022--long after the Reed Defendants had lost their home in foreclosure.

6. Admits paragraph 6 of the Complaint except that as the United States is the true party in interest, denies the IRS, as an agency of the United States, may be sued directly.

7. Lacks sufficient knowledge or information to either admit or deny paragraph 7 of the Complaint.

8. Lacks sufficient knowledge or information to either admit or deny paragraph 8 of the Complaint.

9. Denies paragraph 9 of the Complaint wherein Plaintiff asserts its intention to interplead excess funds in the amount of $86,364.08 but Plaintiff later asserts holding "Excess Funds in the amount of $158,019.45" in paragraph 12.

10. Admits paragraph 10 of the Complaint.

11. Admits paragraph 11 of the Complaint.

12. Admits paragraph 12 of the Complaint.

13. Admits paragraph 13 of the Complaint except that American Express National Bank's abstract of judgment was filed on April 29, 2021.

14. Admits paragraph 14 of the Complaint.

15. Admits paragraph 15 of the Complaint.

16. Lacks sufficient knowledge or information to either admit or deny paragraph 16 of the Complaint.

17. Lacks sufficient knowledge or information to either admit or deny paragraph 17 of the Complaint.

18. Lacks sufficient knowledge or information to either admit or deny paragraph 18 of the Complaint.

19. No response is necessary to allegations of state law by Plaintiff in paragraph 19 of the Complaint; if response needed, the United States denies paragraph 19 of the Complaint.

20. Admits paragraph 20 of the Complaint.

21. Lacks sufficient knowledge or information to either admit or deny paragraph 21 of the Complaint.

22. Lacks sufficient knowledge or information to either admit or deny paragraph 22 of the Complaint but avers that with the removal of this case to federal district court, Plaintiff should deposit the funds into the registry of the U.S. District Court.

23. Lacks sufficient knowledge or information to either admit or deny paragraph 23 of the Complaint but avers that with the removal of this case to federal district court, Plaintiff should deposit the $158,019.45 in Excess Funds into the registry of the U.S. District Court.

24. Denies Plaintiff as interpleader is entitled to attorney fees;[1] admits the allegations contained in paragraph 24(a) and 24(c); lacks sufficient knowledge or information to either admit or deny paragraph 24(b) of the Complaint.

25. Denies paragraph 25 of the Complaint.

26. Denies the allegations in Plaintiff's Conclusions, Part VII.  To be dismissed from this interpleader without liability to the Defendant United States, Plaintiff must provide an accounting of the June 7, 2022, Substitute Trustee's Sale, and deposit all excess funds from that sale into the registry of the U.S. District Court.

## UNITED STATES (IRS) COUNTERCLAIM

27. The United States is entitled to the $158,019.45 ("Excess Funds") from the June 7, 2022, Substitute Trustee's Sale and seeks an order and judgment that those funds be paid to the United States in partial satisfaction of Defendants Rickey J. Reed and Carla M. Reed's federal income tax liabilities due and owing to the United States.

28. In 1993, Defendants Rickey J. Reed and his wife, Carla M. Reed, acquired 13815 Birch Hollow Lane, Houston, Texas 77082 ("Property") as their residential homestead.

29. On November 5, 2018, the IRS assessed $55,496 for unpaid federal income tax and $35,532.21 in penalties and interest for tax year 2014, creating a federal tax lien under 26 U.S.C. § 6621 that encumbered the Reed Defendants' property and rights to property including their interest in their homestead Property.

---

[1] Plaintiff is **NOT** entitled to the relief sought insofar as it seeks to recover its costs and attorneys' fees from bringing its interpleader Complaint.  *Spinks v. Jones*, 499 F.2d 339 (5th Cir. 1974) (innocent stakeholder not entitled to an award of attorneys' fees or costs from the interplead fund to the extent that such an award would diminish the amount recovered by the United States); *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960) (where the IRS lien exceeds the interpled amount, the innocent interpleader is not entitled to attorneys' fees or costs); *Metropolitan Transit Authority of Harris County, Texas v. United States*, 2016 WL 109879 (S.D. Tex. 2016).

30. On December 17, 2019, the IRS filed its Notice of Federal Tax Lien ("NFTL") for the unpaid federal income taxes for tax year 2014 with the county clerk for Harris County, Texas, in accordance with 26 U.S.C. § 6323.

31. As of January 9, 2023, the Reed Defendants are liable to the United States for their unpaid federal income taxes for tax year 2014 in the amount of $111,053.04.

32. The IRS made additional assessments for federal income taxes for tax years 2010-2013 against the Reed Defendants, and such assessments remain unpaid as shown below:

| Tax Year | Assessment Lien | Balance Due as of 1/9/2023 |
| --- | --- | --- |
| 2010 | 2/13/2017 | $116,210.42 |
| 2011 | 9/7/2015 | $116,662.05 |
| 2012 | 9/7/2015 | $108,752.00 |
| 2013 | 2/13/2017 | $131,613.05 |
| TOTAL | | $473,237.52 |

33. The federal tax liens against the Reed Defendants arose on the dates of assessments and remain effective against all their property and rights to property including their interest in the Property until such liens are satisfied or expire. 26 U.S.C. §§ 6321, 6322.

34. 26 U.S.C. § 6323(a) provides protection for certain competing creditors until the IRS files its notice of federal tax lien but for a creditor such as Westhollow here to prevail, it must have a "choate" lien first.[2]

35. According to its state court pleading, Westhollow did not have a choate lien under federal law until after December 6, 2019, when the IRS Notice of Federal Tax Lien for the Reed's 2014

---

[2] Where a federal tax lien and a lien created by state law create competing claims to a delinquent taxpayer's property, federal law governs the question of lien priority. *Aquilino v. United States*, 363 U.S. 509, 513-514 (1960). The basic rule in determining the priority of liens is referred to as "first in time, first in right." *United States v. City of New Britain*, 347 U.S. 81, 85 (1954). To be "choate," the competing state creditor's lien must identify the lienor, the amount of the lien and the property claimed; it comes into competitive existence only when those three conditions are met. *United States v. City of New Britain*, 347 U.S. 81, 84 (1954).

tax debt was filed. Indeed, Westhollow admits a $6,023.38 payment by the Reed Defendants on December 15, 2021, leaving Westhollow a claimed lien arising from assessments that arose or were made *after* the IRS NFTL was filed.[3]

36. The IRS federal tax lien for tax year 2014, notice of which was filed on December 17, 2019, is superior to the lien held by Westhollow Property Owners Association, Inc. that was not choate until after the IRS Notice of Federal Tax Lien for the 2014 taxes was filed.

37. Likewise, the IRS federal tax lien for tax year 2014 is superior to any judgment lien claimed by American Express National Bank ("AMEX"). Amex's abstract was filed subsequent to the IRS NFTL and would not attach in any event to the Reed Defendants' interest in the Property which was a Texas homestead.

38. The IRS liens for all tax years 2010-2014 are valid and enforceable against the Reed Defendants and their interest in the Property and its Excess Funds following the June 2022 foreclosure sale.  The United States' federal income tax liens exceed the amount of the Excess Funds--$158,019.45—and the IRS is entitled to judgment in its favor and an order that such funds be paid to the IRS to be applied to the Reed Defendants' unpaid federal income taxes. Given the foregoing facts, Plaintiffs are not entitled to be paid attorneys fees or costs.[4]

## CONCLUSION

The United States is entitled to the $158,019.45 ("Excess Funds") from the June 7, 2022, Substitute Trustee's Sale and seeks an order and judgment that those funds be paid to the United States in partial satisfaction of Defendants Rickey J. Reed and Carla M. Reed's federal income tax liabilities due and owing to the United States.

---

[3] See Westhollow's "Petition to Release Funds to Junior Lienholder" at paragraphs 8-16.

[4] *Spinks v. Jones*, 499 F.2d 339 (5th Cir. 1974); see footnote 1 above.

6

WHEREFORE, the United States (IRS) requests that the Court grant judgment to the United States that it is entitled to the $158,019.45 ("Excess Funds") from the June 7, 2022, Substitute Trustee's Sale and enter its order that those funds be paid to the United States in partial satisfaction of Defendants Rickey J. Reed and Carla M. Reed's federal income tax liabilities due and owing to the United States; and further order that Plaintiff is not entitled to attorney fees or costs of suit; and for such other and further relief to which the United States is entitled.

Date:  January 13, 2023

*/s/Manuel P. Lena Jr.*
Manuel P. Lena Jr.
Texas Bar 12201255; Southern ID 28780
Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214.880.9750 [9741 FAX]
Manuel.P.Lena@usdoj.gov
Attorney for United States (IRS)

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2023, service of the foregoing pleading was made via U.S. postage paid mail upon the parties listed below:

Thomas L. Brackett
4004 Belt Line Road
Addison, Texas 75001

J.C. Jamison
9821 Katy Frwy, Suite 350
Houston, Texas 77024

*/s/Manuel P. Lena Jr.*
Manuel P. Lena Jr.